UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE PETRE,

        Plaintiff,

vs.

C.R. WALLAUERS & CO., INC., DUNWEST
REALTY, LLC, DUNWEST ASSOCIATES
LLC, ROBERT DUNCAN, JR., JOHN DOES 1-
10 and JANE DOES 1-10

        Defendants.

**VERIFIED COMPLAINT**

Civil Action No.

Plaintiff **GEORGE PETRE** ("Plaintiff" or "Petre" interchangeably), residing in Scarsdale, New York, by and through her attorneys, Bisceglie & Associates, P.C., by way of Complaint against Defendants C.R. Wallauers & Co., Inc. ("Wallauers"), DUNWEST REALTY, LLC ("Dunwest"), DUNWEST ASSOCIATES LLC ("DA"), JOHN DOES 1-10 and JANE DOES 1-10 (collectively, the "Defendants"), states:

## NATURE OF ACTION

1.    This is a civil action in which Plaintiff, a former employee of Wallauers, asserts claims against Wallauers for violation of the New York Conscientious Employee Protection Act; for violation of New Disability Act et seq.; for wrongful termination, and Breach of Contract.

## PARTIES

2.      Plaintiff is an individual residing within the State of New York, County of Westchester who was employed by Defendant Wallauers for approximately eight (8) years, from August 2009 to January 2017.

3.      Defendant Wallauers is a domestic corporation organized pursuant to the laws of the State of New York, with a Corporate residence of 30 Virginia Rd, North White Plains, New York 10603.

4.      Defendant Wallauers is a foreign corporation duly authorized to do business in the State of New York, with a Corporate residence of 30 Virginia Rd, North White Plains, New York 10603.

5.      Defendant Dunwest is a domestic corporation organized pursuant to the laws of the State of New York, with a Corporate residence of 30 Virginia Rd, North White Plains, New York 10603.

6.      Defendant Dunwest is a foreign corporation duly authorized to do business in the State of New York, with a Corporate residence of 30 Virginia Rd, North White Plains, New York 10603.

7.      Defendant DA is a limited liability corporation organized pursuant to the laws of the State of New York, with a Corporate residence of 30 Virginia Rd, North White Plains, New York 10603.

8.      Robert Duncan, jr., ("Duncan") is an individual residing within the County of Westchester, State of New York and State of Arizona who, at all times pertinent hereto has been the President of Defendants. and who is being sued herein in his individual and official capacities.

2

9.     Defendants "John Does 1-10" and "Jane Does 1-10" are and were individuals, corporations and subsidiaries residing within the State of New York. At all relevant times hereto, Defendants "John Does 1-10" and "Jane Does 1-10" are and were subsidiaries, members and/or employees of the WALLAUERS and are being sued in their individual and official capacities.

## ALLEGATIONS COMMON TO ALL COUNTS

### Background

10.     Plaintiff was hired by the Wallauers on or about August 10, 2009.

11.     Plaintiff was first hired by the Wallauers as the Comptroller.

12.     In or about 2013, Petre was promoted to Chief Financial Officer ("CFO")

13.     When Petre was hired, Wallauers' sales were approximately seventeen million ($17,000,000.00) dollars.

14.     As CFO, George was responsible for not only the financial operations of Wallauers but Operations and sales as well.

15.     Duncan was an absentee owner/CEO and left most Operational and Sales Strategy to Petre.

16.     Duncan's two (2) daughters were employed by Wallauers as well.

17.     One daughter, Donna, was an absentee employee and no more than bi-annually, would appear at the store for meetings then return to her home in Florida.

18.     Donna neither had or has the experience nor ability to operate, manage or otherwise run a company.

19.     The other daughter, Debora, was and presumably still is in charge of advertising.

20.     Solely under Petre's tenure, sales increased by ten million ($10,000,000.00) dollars.

21.     Further, over a period three (3) years, Petre was responsible for the opening of four (4) new locations.

22.     During his tenure, Petre was further responsible for entering into a franchise agreement with ACE Hardware and brought ACE Hardware into four (4) locations.

23.     Petre's compensation was based on a fifty (50) hour, hourly work rate.

24.     Petre worked over sixty (60) hours per week, yet was only paid for fifty (50) hours per week.

25.     Plaintiff and Defendants entered into an "Executive Retention Bonus Agreement" on April 14, 2014.

26.     The terms of the above Agreement were to capture Petre's as an employee for a period of ten (10) years and to ensure proper compensation via the purchase of a life insurance policy.

27.     In December 2015, Petre entered into a loan agreement with Duncan and Wallauers in which his employment was made contingent to obtaining the loan.

28.     In 2016, Petre and the Defendants agreed on a six (6) month severance package in the event that the company is sold or transferred.

29.     Oral agreement was memorialized in an email between the parties.

30.     Petre received favorable evaluations, promotions and raises throughout his tenure with Defendants.

31.    During his tenure as the Comptroller and CFO, Mr. Petre became aware of improper acts by Duncan and Wallauers.

32.    Petre brought these irregularities to the attention of Duncan and his outside attorney, but was told that it was of his concern.

33.    Such issues include but are not limited to:

    a.  Payment for maintenance and repairs to Duncan and his family's personal residences, including but not limited to: Debora's roof, gardening expenses for Duncan, personal vehicles;

    b.  1099 to certain individuals for 1099 payments that were not business or employment related;

    c.  1099 for Duncan's mother nurse's aide/companion;

    d.  Maintaining employment of undocumented workers;

    e.  Bonuses, from painter manufacturer and supplier Benjamin Moore, was used to pay undocumented workers employed by Wallauers in cash;

    f.  Duncan was having company reimburse him over one million five hundred thousand ($1,500,000.00) dollars for the reimbursement of stock purchase after death of partner;

    g.  Defendants' improper credit and debits to and from each entity;

    h.  Duncan's failure to report capital gains on three (3) real estate properties he sold contrary.

34.    In September of 2016, Petre started to receive harassing phone calls and texts from Donna Duncan about work and personal matters.

35.    In October 2016, he advised Duncan of such harassing contacts.

36.    In or about December 2016, an audit of the company was conducted where some of the above and other improprieties were discovered.

37.    Such improprieties were brought to the attention of the Defendants without proper resolution.

38.    Upon informing the auditor and the Defendants of the improprieties, Defendants commenced to engage in a systematic attack on Plaintiff.

39.    Part and parcel with the systematic attacks, they required him to work over one hundred (100) hours per week to complete an evaluation of the company and its holdings.

40.    During these period, Plaintiff's wife was undergoing surgery and for a serious illness, in which the Plaintiff requested an easing of the retaliation and work hours to no avail.

41.    When his wife was diagnosed with a serious illness, ultimately requiring surgical intervention, George requested reduction of time from his seven (7) days, sixty (60) plus hours, a week work schedule to accompany his wife to medical exams and treatment, Debbie and Donna Duncan called his home and other numbers, including her employer, to verify the veracity of the medical visits.

42.    In November 2016, prior to Duncan's departure to Arizona for the winter months, contrary to all financial documents, Duncan accelerated the loan to Petre, consummated one (1) prior.

43.    In or about December 2016, he was informed by Duncan that the company was shifting direction and they were going to become a "woman owned and controlled" company to seek tax benefits.

44.    In or about January 2017, Plaintiff was hospitalized based suspicion of a heart attack.

45.    He was compelled to file a Worker's Compensation Claim.

46.    Defendants took umbrage that Plaintiff was required to remain out of work for approximately two (2) weeks per his treating physician.

47.    After eight years of employment, Petre was terminated on February 15, 2017 via letter from the same aforementioned outside counsel on behalf of Wallauers.

48.    In addition, as Defendants were aware of the re-finance, they refused to respond to repeated requests from his attorneys to supply necessary documents to complete the re-finance, placing the closing in jeopardy.

49.    But for the fact that his attorneys forced the compliance, the re-finance occurred.

50.    Though the Defendants were in breach of the finance agreement, they compelled Petre to pay entire interest for the five (5) year term.

51.    Upon termination, Defendants failed to properly compensate Plaintiff to time worked, including but not limited to unused vacation time and personal time accrued, and Performance Bonus for the last quarter of 2016.

52.    Upon termination, Defendants failed to honor the severance agreement.

53.    After termination, Defendants gave false and misleading reasons to third parties as to why he was terminated, including one internal email alleging that the Plaintiff engaged in improper activities while the CFO.

54.    As the Defendants are well aware, Plaintiff had no control nor access over banking, check drafting, and execution on behalf of the company.

## AS FOR A FIRST CAUSE OF ACTION

### Wrongful Termination

55.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 to 54 above as if set forth at length herein.

56.    Defendants' actions in terminating Plaintiff without allowing her the right to a hearing before the Personnel Committee violated the Housing Authority's own procedures as set forth in the Employment Manual and rendered Plaintiff's termination unlawful.

57.    As a direct and proximate cause of Defendants' unlawful employment practices, Plaintiff has sustained, and will continue to sustain, loss of earnings and other financial damages and has suffered, and continues to suffer, mental anguish.

## AS FOR A SECOND CAUSE OF ACTION

### (New York State Human Rights Law)

58.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 - 57 of the Complaint as if set forth at length herein.

59.    At all relevant times, Plaintiff was an "employee" for purposes for 292 of the New York State Human Rights Law.

60.   By its actions detailed above, Wallauers has unlawfully discriminated against Plaintiff on the basis of age, race, color, and disability, in violation of New York State Human Rights Law.

61.   Upon information and belief, Defendant's conduct toward Plaintiff constitutes willful discrimination.

62.   As a result of the willful discrimination described above, Plaintiff suffered substantial loss of earnings and benefits, and will continue to do so in the future. Accordingly, Defendants are liable to Plaintiff for both back pay and front pay or reinstatement in an amount as yet undetermined, damages for mental anguish, plus interest and costs.

## AS FOR A THIRD CAUSE OF ACTION

### (Retaliation In Violation Of The New York State Human Rights Law)

63.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 - 62 of the Complaint as if set forth at length herein.

64.   Plaintiff opposed Defendant's unlawful, discriminatory employment practices and engaged in protected activity by, among other things, terminating his employment.

65.   Defendant's actions constitute retaliation against Plaintiff in violation of the New York State Human Rights Law, 296.

66.   As a result of Defendants' retaliation, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

## AS FOR A FOURTH CAUSE OF ACTION

### Americans With Disabilities Act

67.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 - 66 of the Complaint as if set forth at length herein.

68.    At all relevant times, Plaintiff was an "employee" of Wallauers under Title 1, 42 U.S.C. 12101.

69.    By its actions detailed above, Wallauers has unlawfully discriminated against Plaintiff on the basis of a disability in violation of 42 U.S.C. 121 12. Defendant's conduct toward Plaintiff constituted willful discrimination.

70.    Upon information and belief, Defendants were aware of the aforementioned discriminatory employment practices taken against Plaintiff, knowingly participated in such discriminatory practices and actions, and failed to take remedial action to correct these abuses.

71.    Wallauers willfully engaged in the aforementioned discriminatory practices and acted with malice and/or reckless indifference to Plaintiff's rights under the ADA.

72.    Defendant's acts and/or omissions were in direct retaliation for Plaintiff's complaints of discrimination against Defendants.   Plaintiff has sustained, and will continue to sustain, loss of earnings and other financial damages and has suffered, and continues to suffer, mental anguish.

73.    As a result of Defendants' discrimination, Plaintiff suffered substantial damages, including lost wages and benefits, in an amount as yet undetermined.

## AS FOR A FIFTH CAUSE OF ACTION

### Retaliation In Violation Of The Americans With Disabilities Act

74.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 - 73 of the Complaint as if set forth at length herein.

75.     Plaintiff opposed Defendant's unlawful, discriminatory employment practices and engaged in protected activity under the ADA.

76.     Wallauers retaliated against Plaintiff for having engaged in protected activity by, among other things, terminating his employment.

77.     Defendant's actions constitute retaliation against Plaintiff in violation of the ADA, 42 U.S.C. 12203.

78.     As a result of Defendants' retaliation, Plaintiff has suffered substantial damages, including but not limited to mental distress and lost wages and benefits, in an amount to be determined at trial.

79.     Upon information and belief, Defendants' retaliatory actions against Plaintiff were taken with reckless indifference to his rights, entitling him to punitive damages under the ADA.

## AS FOR AN SIXTH CAUSE OF ACTION

### Whistleblowers Protection Act, under New York Labor Law §740

80.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 - 79 of the Complaint as if set forth at length herein.

81.     Plaintiff's complaints about Defendants' improper actions, such as failure to comply with Capital Gains Reporting, were activities protected under the New York Whistleblowers Act, New York Labor Law §740.

82.     Defendant Duncan is an employee per applicable New York State Law.

83.     Defendant Duncan is an individual tortfeasor under New York State Law.

84.     Defendants systematically retaliated against the Plaintiff once he informed the owner and auditors of the improprieties referenced above.

85.     Such actions included all of the actions described above.

86.     Defendants' actions constitute retaliation within the meaning of New York Labor Law §740.

87.     Defendants' actions violated New York Labor Law §740.

88.     As a direct and proximate cause of Defendants' unlawful employment practices, Plaintiff has sustained, and will continue to sustain, loss of earnings and other financial damages and has suffered, and continues to suffer, mental anguish.

## AS FOR A SEVENTH CAUSE OF ACTION

### Libel

89.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 - 88 of the Complaint as if set forth at length herein.

90.     In February 2017, the Defendants drafted or cause to draft and then circulate an e-mail containing false, defaming and libelous statements to employees pertaining to Petre's termination.

91.     These statements were false with the tendency to injure plaintiff's reputation and character.

92.     As a direct and proximate cause of Defendants' unlawful and libel statements, Plaintiff has sustained, and will continue to sustain, loss of earnings and other financial damages and has suffered, and continues to suffer, mental anguish.

## AS FOR A EIGHT CAUSE OF ACTION

## The Family and Medical Leave Act 29 U.S.C.A. § 2601 et seq.

93.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 to 92 above as if set forth at length herein.

94.     Plaintiff repeats and realleges all of the allegations contained in this Complaint, as if separately set forth herein.

95.     At all relevant times, Plaintiff was an "employee" for purposes of the Family and Medical Leave Act 29 U.S.C.A. § 2601 et seq ("FMLA").

96.     By its actions detailed above, Wallauers has unlawfully discriminated against Plaintiff on the basis of utilizing her rights under the FMLA, in violation of Federal and State Law.

97.     Upon information and belief, Defendant's conduct toward Plaintiff constitutes willful discrimination based on the FMLA.

98.     As a result of the willful discrimination described above, Plaintiff was denied her rights under the FMLA, thereby suffering extreme emotional distress, substantial loss of earnings and benefits, and will continue to do so in the future. Accordingly, Defendants are liable to Plaintiff for both back pay and front pay in an amount as yet undetermined, damages for mental anguish, plus interest and costs.

**WHEREFORE,** plaintiff George Petre demands judgment against Defendants, jointly and severally, for compensatory damages, punitive damages, interests, costs of suit, and such other relief as this Court may deem equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury as to all causes of action.


## DESIGNATION OF TRIAL COUNSEL

Angelo R. Bisceglie, Jr., Esq. is hereby designated as trial counsel in this matter pursuant to R. 4:5-1(c).


**BISCEGLIE & ASSOCIATES, P.C.**
Attorneys for Plaintiff
George Petre


By: _____
      Angelo R. Bisceglie, Jr.

Dated: July 10, 2017

## VERIFICATION

The undersigned George Petre of full age, certifies as follows:

1.    I am Plaintiff in this action.

2.    I have read the foregoing Complaint and Jury Demand herein.  Except as to those matters alleged on information and belief which I believe are true, the facts that are set forth therein are true and correct based upon my personal knowledge.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: July 10, 2017

_____
George Petre